IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUDY A. CROW, Individually and as Executrix and Personal Representative of the Estate of JAMES M. CROW, Deceased, | : : : : CIVIL ACTION : |
| Plaintiff | : FILE NO. _____ : |
| vs. | : : |
| UNITED STATES OF AMERICA, | : : |
| Defendant | : |

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, in her individual and representative capacities in the above-style case, and files this Complaint, based on the Federal Tort Claims Act, for damages against the Defendant by showing as follows:

1.

This is a medical malpractice action and is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346, 28 U.S.C. §2671 and 28 U.S.C. §2675. Jurisdiction is properly within this Court. The substantive law of the State of Georgia applies to this lawsuit.

2.

Venue is proper in this district pursuant to 28 U.S.C. §1391(e).

3.

Plaintiff, JUDY A. CROW is a resident of Habersham County, Georgia, and brings this action in her individual capacity as the lawful spouse of her deceased husband, and in her representative capacity as the Executrix and personal representative of the estate of decedent, JAMES M. CROW.  Venue is therefore proper in this Court.

4.

The United States may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on John A. Horn, the United States Attorney for the Northern District of Georgia, by certified mail, return receipt requested at his office:

> John A. Horn
> United States Attorney for the Northern District of Georgia
> Office of the United States Attorney
> Richard B. Russell Federal Building
> 75 Ted Turner Drive, S.W.
> Suite 600
> Atlanta, GA 30303-3308

and by serving a copy of the Summons and Complaint on Loretta E. Lynch,

Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's Office:

> ATTN: Civil Process Clerk
> Attorney General of the United States
> Department of Justice
> Room 5111
> 10th and Constitution Avenue, N.W.
> Washington, DC 20530

5.

The Plaintiff has been appointed as the Executrix of the Estate of her deceased spouse, James A. Crow, who was an honorably discharged veteran of the United States Armed Forces.

6.

Plaintiff's decedent, James M. Crow, consulted with and was evaluated and treated by numerous physicians at the Atlanta Veteran's Administration Medical Center (hereinafter sometimes referred to as the "VA hospital") in Decatur, Georgia, on April 18, 2013 for cardiac catheterization.

7.

At all times relevant hereto, the staff physicians, including Bjoern Tennes, M.D. and Peter Block, M.D., who evaluated and treated Plaintiff's decedent were

3

agents and employees of the United States of America acting within the scope and course of their employment so that the tortious acts and omissions alleged herein are imputable to the Defendant, UNITED STATES OF AMERICA under the doctrine of <u>respondeat superior</u> and the Defendant is vicariously liable therefor (Exhibit "A" hereto).

8.

On April 8, 2013, James Milton Crow presented to the Atlanta VA Medical Center in Decatur, Georgia for a cardiac catheterization. This procedure was performed and evaluated by Bjoern Tennes, M.D. and Peter Block, M.D.

9.

Both physicians were affiliates of the Veterans Administration and were employees and agents of the Veterans Administration during the time they were administering to patient, James Milton Crow on the premises of the Veterans Administration (Exhibit "A" hereto).

10.

The cardiac catheterization performed on April 8, 2013 showed the following coronary abnormalities:

(a) A 60% to 80% occlusion of the left anterior descending artery;

(b)     Subtotal occlusion of the mid-circumflex coronary artery;

(c)     A total occlusion (100%) of the right coronary artery with left to right collateral circulation.

11.

Based on the above findings, Drs. Tennes and Block diagnosed three vessel coronary artery disease and moderate to severely diminished ventricular function with a treatment recommendation that Mr. Crow undergo coronary artery by-pass surgery.

12.

At the time of the above diagnosis the patient James Milton Crow had a previous history of a cerebral aneurysm and Mr. Crow was advised to see a neurosurgeon for evaluation of that condition and to get clearance from a neurosurgeon that his condition would not prevent his having cardiac surgery.

13.

In accordance with those instructions, Mr. Crow visited an outside neurosurgeon on June 4, 2013, and was cleared for heart surgery.

14.

He was seen at the VA hospital again on June 10, 2013.

15.

Despite having been cleared by a neurosurgeon to have coronary artery by-pass surgery, on June 4, 2013 and having another visit to the VA hospital on June 10, 2013, arrangements to schedule Mr. Crow's coronary by-pass surgery were never made despite the fact it was imperative for him to have surgery as soon as possible because of the severity of his heart disease, as recommended by Drs. Tennes and Block.

16.

On September 23, 2013, Mr. Crow died as a result of "probable organic heart disease" per his death certificate.

17.

Dr. Tennes, Dr. Block and other agents and employees of the Veterans Administration violated the standard of care applicable under the facts and circumstances surrounding their examination and treatment of Mr. Crow in the following respects:

(a)   Failing to schedule Mr. Crow for a follow-up appointment in the VA hospital's cardiac clinic/Department of Cardiology within two to three weeks following the cardiac catheterization which was

    performed on April 8, 2013 in order to determine the status of the pending neurological evaluation with the goal of having his essential cardiac surgery performed as soon as possible; and

(b)  Failing to promptly schedule the needed heart surgery following his clearance by the neurosurgeon which occurred June 4, 2013. Mr. Crow's condition was such that immediate surgical intervention was medically necessary.

18.

The personnel in the Veterans Administration who where responsible for the administrative responsibilities for caring for patients, scheduling appointments, assuring follow-up treatments and providing for the continuity of care of the patients violated the standard of care by not scheduling follow-up appointments for Mr. Crow in order to be sure that the patient was seen as early as possible and that definite plans were transmitted to Mr. Crow in order to avoid any delay in performing his surgery based upon a lack of communication.

19.

The failure to promptly arrange and perform coronary by-pass surgery on Mr. Crow in a timely manner increased his risk of sudden cardiac death and, in

fact, was a substantial contributing cause of his death.

20.

The Defendant, by and through its agents and employees, were negligent and its actions and omissions violated the standard of care otherwise followed by practitioners of the healing arts generally under the like and similar circumstances by failing to implement imperative appropriate treatment and therapy with immediate coronary artery by-pass surgery.

21.

The negligent acts and omissions of the Defendant, through its agents and employees, in the medical care, diagnosis and treatment of Plaintiff's decedent was a deviation from the standard of care and this deviation and departure from the standard of care described above proximately and directly caused and contributed to the death of James M. Crow.

22.

As a result of the negligence of the Defendant, through its agents and employees, as described above, the Plaintiff Judy A. Crow is entitled to recover the full value of the life of her deceased spouse, James M. Crow.

23.

As a further result of the negligence of the Defendant, through its agents and employees, as set out above, the Plaintiff, as Executrix and Personal Representative of the Estate of her deceased spouse, is entitled to recover for medical and funeral expenses and for the conscious pain and suffering experienced by Plaintiff's decedent prior to his death on September 23, 2013.

24.

On or about September 14, 2015, the presented to the proper agent of the Defendant, a claim for damages and injuries by submitting a Form 95 as prescribed by the Department of Justice under 28 C.F.R. §14.2 (see Exhibit "B" and attached hereto).

25.

The Plaintiff filed separate claims in both her representative and individual capacities to-wit: (1) for the special damages and pain and suffering of the decedent, James M. Crow which accrued to her estate in the amount of Two Hundred Thousand Dollars ($200,000); and (2) for the wrongful death of her spouse, James M. Crow in the amount of Two Million Dollars ($2,000,000) (see Exhibit "B" attached hereto). The claims properly set out the information

required, including the nature and extent of Plaintiff's injuries and other damages. The total amount of the claims submitted was Two Million, Two Hundred Thousand Dollars ($2,200,000).

26.

On May 2, 2016 the Defendant denied the claim in writing and Plaintiff has filed this complaint within six (6) months of the denial of the claim. All administrative remedies have, therefore, been exhausted (Exhibit "C" hereto).

27.

In accordance with O.C.G.A. §9-11-9.1, the Plaintiff has filed herewith the Affidavit of a qualified, licensed practicing physician, Philip A. Romm, M.D., who practices cardiology and has done so continuously in the State of Georgia since 1992. The Affidavit attests to the medical negligence of the Defendant as set out herein and alleges, in at lease one particular, negligent acts of the Defendant (Exhibit "D" hereto).

WHEREFORE, Plaintiff demands judgment against the Defendant in the amount of Two Hundred Thousand Dollars ($200,000) for the conscious pain and suffering suffered by Plaintiff's decedent and Two Million Dollars ($2,000,000) for the wrongful death of decedent and the full value of his life, plus the costs of

this action, and such other relief as the Court may deed necessary and proper.

                                  **s/Dennis T. Cathey**
                                  Attorney Bar No. 116600
                                  **Attorney for Plaintiff**
                                  Cathey & Strain, LLC
                                  P.O. Box 689
                                  Cornelia, GA 30531
                                  Telephone: 706-778-2601
                                  Facsimile: 706-776-2899
                                  Email: dcathey@catheyandstrain.com

**CERTIFICATE OF SERVICE AND COMPLIANCE WITH LR 7.1 AND 5.1**

This is to certify that I have complied with the Local Rules for the Northern District of Georgia - Atlanta Division - as to font, spacing and margins in submitting this filing.

s/Dennis T. Cathey
Attorney Bar No. 116600
Cathey & Strain, LLC
P.O. Box 689
Cornelia, GA 30531
Telephone: 706-778-2601
Facsimile: 706-776-2899
dcathey@catheyandstrain.com

Attorney for Plaintiff