## ATTACHMENT "A"

## OUTLINE OF PLAINTIFF'S CASE

(a) This action is one for medical malpractice that occurred at the Veterans Administration. It is brought under the Federal Tort Claims Act, 28 USC §1346, 28 USC §2671 and 26 USC §2675. Plaintiff's contentions are that her husband James Crow was a patient at the Veterans Administration facilities in Atlanta, Georgia and Oakwood, Georgia. On or about April 8, 2013, Plaintiff's decedent had a cardiac catheterization by a cardiologist at the Veterans Administration Medical Center in Decatur, Georgia. The catheterization procedure revealed that Plaintiff's decedent, James Crow, had severe cardiac disease and that said physician recommended that Mr. Crow undergo coronary artery by-pass surgery. Surgery was not scheduled. Mr. Crow had a previous cerebral aneurysm and was told to get clearance from a neurological consult before heart surgery. On June 4, 2013 he received clearance for the surgery, but the surgery and/or a cardiothoracic surgery consult was never scheduled by the VA. Mr. Crow died on September 13, 2013 because of an unreasonable delay in surgery.

(b) Pursuant to 28 U.S.C. § 1346 (b)(1), civil actions may be brought on claims against the United States for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while

acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Generally, Plaintiff has made allegations of medical negligence against the Veterans Administration (including its agents and employees) for failing to comport with the applicable standard of care in scheduling Plaintiff's Decedent for a follow-up appointment in order to determine the status of his pending neurological evaluation and his candidacy for coronary artery bypass grafting. Further, Plaintiff alleges that the Veterans Administration (including its agents and employees) failed to comport with the applicable standard of care in promptly scheduling the needed heart surgery following Plaintiff's Decedent's clearance by his neurosurgeon. Plaintiff's allegations of liability against the Veterans' Administration occurred within the State of Georgia, and thus, pursuant to 28 U.S.C. § 1346 (b)(1), the laws of the State of Georgia apply to this case. O.C.G.A. § 51-1-27 establishes a duty upon persons professing to practice surgery or the administering of medicine for compensation to bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had.

(c)   Plaintiff alleges the following acts of negligence:

BjoernTennes, MD, Peter Block, MD and other agents and employees of the VeteransAdministration violated the standard of care applicable under the facts and circumstances surrounding their examination and treatment of Mr. Crow in the following respects:

(1) Failing to schedule Mr. Crow for a follow-up appointment in the VA hospital's cardiac clinic/Department of Cardiology within two to three weeks following the cardiac catheterization which wasperformed on April 8, 2013 in order to determine the status of thepending neurological evaluation with the goal of having his essential cardiac surgery performed as soon as possible; and

(2) Failing to promptly schedule the needed heart surgery following his clearance by the neurosurgeon which occurred June 4, 2013. Mr. Crow's condition was such that immediate surgical intervention was medically necessary.

The personnel in the Veterans Administration who were responsible for the administrative responsibilities for caring for patients, scheduling appointments, assuring follow-up treatments and providing for the continuity of care of the patients violated the standard of care by not scheduling follow-up appointments for Mr. Crow in order to be sure that the patient was seen as early as possible and that definite plans were transmitted to Mr. Crow in order to avoid any delay in

performing his surgery based upon a lack of communication.

(d) Plaintiff claims a total of $2,200,000.00 in damages for the Estate claim of James Crow, deceased as well as the wrongful death claim of James Crow, deceased. The following specific dollar amounts are claimed as damages and in support thereof Plaintiff references the following Georgia statutory law and case law:

1. The Estate of James Crow, deceased is entitled to recover the following: (a) the funeral expenses of James Crow, deceased, (b) the medical expenses of James Crow's last illness, and (c) other necessary expenses resulting from the injury and death of the deceased person (the pain and suffering that James Crow, deceased, experienced between the time of his terminal cardiac event and his death as determined by the enlightened conscience of the finder of fact). See O.C.G.A. §51-4-5(b); *Redd v. Peters,* 100 Ga.App. 316 (1959); *Southern Railway Co. v. Jackson,* 146 Ga.243 (1916); and *Chapman v. Western Union Telegraph Co.,* 88 Ga. 763 (1892).

The following dollar amounts are claimed: funeral expenses in the amount of $9,325.15; pain and suffering in the amount of $190,647.85. There are no medical expenses resulting from James Crow's last illness.

2. Plaintiff is entitled to recover the following for the wrongful death claim of James Crow, deceased: the full value of the life of James Crow, deceased,

as shown by the evidence meaning the full value of his life without deducting for any of the necessary or personal expenses of the decedent had he lived. See O.C.G.A. §51-4-1(1). All aspects of the wrongful death claim including both tangible and intangible items as stated in Plaintiff's Form-95 which was filed with this Court, including but not limited to, the loss of social security benefits in the amount of $105,310.88. This amount was calculated based on a monthly benefit of $1,569.90 (the amount of benefits James Crow was receiving at the time of his death). The total amount claimed by Plaintiff for the wrongful death of James Crow, deceased is $2,000,000.00. Determination of that amount is left to the enlightened conscience of the finder of fact.